**JENNER & BLOCK LLP**
Alexander M. Smith (SBN 295187)
asmith@jenner.com
515 Flower Street Suite 3300
Los Angeles, CA 90071
Telephone:  (213) 239-2262
Facsimile:   (213) 239-5199

**JENNER & BLOCK LLP**
Dean N. Panos (to apply *pro hac vice*)
dpanos@jenner.com
353 North Clark Street
Chicago, IL 60654
Telephone:  (312) 923-2765
Facsimile:   (312) 527-0484

Attorneys for Defendant
Tilray Brands, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TINA KHA, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>   v.<br><br>TILRAY BRANDS, INC.,<br><br>                    Defendant, | Case No: 2:25-cv-10630-HDV-BFM<br><br>The Honorable Hernán D. Vera<br><br>**DECLARATION OF ALEXANDER M. SMITH IN SUPPORT OF MOTION TO DISMISS**<br><br>Hearing Date:  April 9, 2026<br>Hearing Time:  10:00 a.m.<br>Courtroom:      5B (1st Street) |

I, Alexander M. Smith, declare and state as follows pursuant to 28 U.S.C. § 1746:

1. I am a partner at Jenner & Block LLP and am counsel to Defendant Tilray Brands, Inc. in this matter. I offer this declaration in support of Tilray's motion to dismiss Plaintiff Tina Kha's class action complaint. I have personal knowledge of the facts set forth herein, and I could and would testify competently thereto if called upon to do so.

2. Attached as **Exhibit 1** is a true and correct exemplar of the labeling of Tilray's Hemp Protein + Fiber supplement, which is the product at issue in this lawsuit.

3. On February 16, 2026, I met and conferred with Plaintiff's counsel, Adrian Gucovschi, via Zoom regarding Tilray's motion to dismiss. Our meet-and-confer lasted approximately 20 minutes.

4. During our meet-and-confer, I explained that Tilray intended to move to dismiss on preemption grounds because both versions of the product label at issue (including the version depicted in Plaintiff's complaint and the version attached as Exhibit 1) comply with the applicable FDA regulations. In particular, I noted that the version of the labeling attached as Exhibit 1 complied with the FDA regulations because it disclosed the "corrected amount of protein" in the Nutrition Facts panel, and I noted that the version depicted in Plaintiff's complaint complied with the FDA regulations because it does not include a "protein claim" on the label. I also noted that Tilray maintains that the inclusion of the statement "11g of Protein" on the product's Amazon.com page does not require Tilray to state the "corrected amount of protein" on the label and that the product name "Hemp Protein + Fiber" is not a "protein claim" that requires the disclosure of the "corrected amount of protein" under 21 C.F.R. § 101.9(c)(7)(i).

5. Although Mr. Gucovschi and I thoroughly discussed the arguments that Tilray intended to raise in its motion to dismiss, we were unable to resolve any part of the motion during our meet-and-confer.

1  I declare under penalty of perjury under the laws of the United States and the State
2  of California that the foregoing is true and correct to the best of my knowledge.
3  Executed on February 25, 2026 in Los Angeles, California.

By:     /s/ Alexander M. Smith
        Alexander M. Smith